# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re** <br><br> **GLENN W. BEVER,** <br><br> Debtor <br>———————————————— <br> **STEVEN H. LUCORE, SR.,** <br><br> Appellant <br><br> v. <br><br> **CITIMORTGAGE, INC.,** <br><br> Appellee | **CASE NO. 1:18-CV-1231 AWI** <br> **BANKR. CASE NO. 18-10973-B-13** <br> **ADVERSARY CASE NO. 18-01034-B** <br><br> **ORDER RE: MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I. Background

Debtor Glenn Bever filed his petition for bankruptcy on March 20, 2018. Glenn Bever, Karen Bever, and Appellant Steven Lucore filed the adversary proceeding on June 7, 2018. Adversary Doc. 1.[1] They are all proceeding pro se in these cases. At the time, all three listed their address as 466 West Tenaya Avenue, Clovis, CA 93612. On July 31, 2018, Lucore filed a change of address to 11132 Summit Avenue, Santee, CA 92071 in the main bankruptcy case of Glenn Bever. Bankr. Doc. 70.[2] No change of address form was ever filed in the adversary proceeding docket.

Appellee CitiMortgage filed a motion to dismiss the adversary proceeding on July 6, 2018. Adversary Doc. 7. A hearing on the matter was held on August 15, 2018; attorneys for

---

[1] "Adversary Doc." refers to docket entries in the adversary proceeding case appealed from, 18-01034-B.
[2] "Bankr. Doc." refers to docket entries in the underlying bankruptcy case of Glenn Bever, 18-10973-B-13.

CitiMortgage made a telephonic appearance but Glenn Bever, Karen, Bever, and Lucore did not participate in the hearing. Adversary Doc. 33. Judge Rene Lastreto II issued a formal order dismissing Lucore's claims for lack of subject matter jurisdiction that was docketed on August 17, 2018. Adversary Doc. 38. The order dismissing Lucore's claims was sent by first class mail to him at the Clovis address on August 19, 2018. Adversary Doc. 41. Lucore states that he did not receive that order at his Clovis address and only got a copy of the order on August 28, 2018 when Glen Bever forwarded it to his new address in Santee. Doc. 12, Lucore Opposition, 4:9-16.

Lucore filed a notice of appeal on September 7, 2018, asking that it be decided by the United States District Court. Adversary Doc. 49. On October 9, 2018, Glenn Bever's underlying bankruptcy was dismissed. Bankr. Doc. 120. In this appeal, CitiMortgage filed a motion to dismiss, arguing that the appeal lacks subject matter jurisdiction. Doc. 7. Lucore opposes the motion. Doc. 12. CitiMortgage also filed a reply. Doc. 14.

**II. Discussion**

CitiMortgage argues that there is a lack of jurisdiction because Lucore's appeal is untimely. In general, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. Proc. 8002(a)(1). Judge Lastreto's order was entered on August 17, 2018 but Lucore did not file his notice of appeal until September 7, 2018. The 14 day deadline set out in Rule 8002(a)(1) fell on August 31, 2018. In terms of modifying that deadline, "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. Proc. 8002(d)(1). The request for extension of time must be made to the bankruptcy court, not the district court. Golden v. Kipperman, 2018 U.S. Dist. LEXIS 212198, at *7 (S.D. Cal. Dec. 17, 2018). Lucore did not file any request for extension.

In bankruptcy, "The timely appeal requirement is jurisdictional. The failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." Wiersma v. Bank of the W., 483 F.3d 933, 938 (9th Cir. 2007), citing Preblich v. Battley, 181 F.3d 1048, 1056 (9th Cir. 1999)

and Lopez v. Long, 255 B.R. 241, 243 (B.A.P. 10th Cir. 2000); see also Wilkins v. Menchaca, 587 B.R. 97, 107 (B.A.P. 9th Cir. 2018) ("the 14-day time deadline in Rule 8002(a) is a jurisdictional requirement that acts as an immutable constraint on our authority to consider and hear appeals"). This problem appears to have arisen because of a misunderstanding concerning the requirements of a change of address. The main bankruptcy docket is separate from the docket of an adversary proceeding related to that bankruptcy. See In re Total Success, Inc., 47 B.R. 861, 863-64 (Bankr. D. Ariz. 1985) ("The Deputy Clerk identified in the Sierra affidavit is my administrative docket clerk, responsible for the docketing of main bankruptcy files, including bankruptcy file 83-268-PHX-GBN. She would have no knowledge or responsibility for the docketing of adversary files, including Adversary 83-1357-GBN, the file in which the offending order rests. There is no allegation affiant ever contacted my adversary docket clerk or made clear her telephonic inquiry concerned an adversary file rather than a bankruptcy file"). Lucore needed to file a notice of address change in the docket of his adversary proceeding. Unfortunately, "a pro per litigant's failure to comply with procedural rules does not justify a failure to timely file a notice of appeal." Golden v. Kipperman, 2018 U.S. Dist. LEXIS 212198, at *6 (S.D. Cal. Dec. 17, 2018).

Based on the late appeal, the district court lacks jurisdiction to reach the merits.

### III. Order

Appellee CitiMortgage's motion to dismiss the appeal for lack of subject matter jurisdiction is GRANTED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: February 14, 2019

_____
SENIOR DISTRICT JUDGE